IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRACETTE HOUSE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0183 |
| | § | |
| INTERLINE BRANDS, INC., | § | |
|     Defendant. | § | |

## <u>MEMORANDUM AND ORDER</u>

This sexual harassment case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 32] filed by Defendant Interline Brands, Inc. ("Interline"), to which Plaintiff Tracette House filed a Response[1] [Doc. # 39], and Interline filed a Reply [Doc. # 42].[2]  Having reviewed the full record and applied the governing legal authorities, the Court **grants** Defendant's Motion for Summary Judgment.

---

[1]     Plaintiff's Response is entitled "Motion to Strike Defendant's Summary Judgment Affidavit" but substantively is a Response to Defendant's Motion.

[2]     Also pending are Plaintiff's Motion to Strike Defendant's Summary Judgment Affidavit [Doc. # 38] and Defendant's Motion to Strike Witnesses [Doc. # 31]. Plaintiff in her Motion to Strike asserts that the Affidavit filed by Defendant fails to create a genuine issue of material fact.  Plaintiff does not identify which Affidavit she is challenging.  Moreover, Plaintiff cites no legal authority holding that an Affidavit may be stricken simply because it fails to create a genuine issue of fact.  Defendant in its Motion to Strike seeks to exclude testimony from witnesses Reginald Hammons and Kevin Redican.  Plaintiff has not proffered testimony or other evidence from either witness.  Accordingly, both Motions to Strike are **denied**.

## I.    **BACKGROUND**

Plaintiff was hired by Defendant as a receiving clerk in August 2007.  Plaintiff was provided and signed an acknowledgment that she received a copy of Interline's Employee Handbook.   The Employee Handbook contained Interline's Anti-Harassment Policy and Complaint Procedure, which provided that employees were to report offensive conduct immediately.

Plaintiff alleges that "about two weeks" after she began working for Interline, two of her supervisors began sexually harassing her.  *See* Original Complaint [Doc. # 1], ¶ 6.  Plaintiff alleges that the two supervisors "began sexually propositioning her . . . and made overt sexual suggestions to her on a daily basis."  *See id.*  Plaintiff alleges further that she was "chased around the warehouse and office and was physically assaulted when she was touched in a sexual manner."  *See id.*, ¶ 7.

It is undisputed that Plaintiff often came to work late and had other attendance problems.  Plaintiff received her first Disciplinary Report and Counseling Report ("Disciplinary Report") for an unexcused absence on December 13, 2007.  Plaintiff does not dispute that she had attendance problems prior to issuance of the Disciplinary Report, and she does not dispute that she missed work on December 13, 2007.  Plaintiff received a second Disciplinary Report after she was late to work nine (9)

times between February 4 and February 19, 2008.  Plaintiff does not dispute that she was late on the nine cited occasions.

On February 20, 2008, after she received the second Disciplinary Report, Plaintiff stated that she believed she was being discriminated against because she was disciplined for being late when other employees – both male and female – were not similarly disciplined.  On March 3, 2008, Plaintiff made a written complaint consistent with the February 20, 2008, statement.  Plaintiff in neither statement claimed that she was being sexually harassed.

On March 28, 2008, Plaintiff advised Interline that she had injured her back in a non-work related automobile accident on March 23, 2008.

On March 31, 2008, Plaintiff stated to Jenny Belford of Interline's Human Resources department that her supervisor Mike McGrath was sexually harassing her. This was the first time Plaintiff claimed to anyone at Interline that she had been subjected to sexual harassment.  When Belford asked for details, Plaintiff said "Mike said that he really likes me."  No other details were provided, and Plaintiff changed the subject to discuss her automobile accident.

On April 2, 2008, Plaintiff filed a second written complaint entitled "Grievance #2" complaining that McGrath was not making reasonable accommodations for her back injury.  Plaintiff in the two-page grievance did not allege sexual harassment.

Also on April 2, 2008, Plaintiff met privately with Belford regarding her complaints.  Plaintiff complained that McGrath was not adequately accommodating her back injury.  Plaintiff did not mention sexual harassment.

On April 4, 2008, Plaintiff sent to Belford an "Amendment to Grievance #2," again complaining that McGrath was not adequately accommodating her back injury. Again, Plaintiff made no mention of any alleged sexual harassment.

Plaintiff missed work on March 28, April 1, April 3, April 9, April 10, and April 11, 2008.  She left work early on March 31, 2008.  She did not come to work on April 14, 2008, and Interline terminated her employment pursuant to the company's attendance policy.

On May 13, 2008, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff stated that she was sexually harassed by Mike McGrath and Frank Rodriguez, was discriminated against on the basis of her sex, and was retaliated against for complaining about the sexual harassment.  *See* EEOC Charge, Exh. 9 to Motion.  Other than the comment to Belford that "Mike says he really likes me," this was the first time Plaintiff complained of sexual harassment.

Plaintiff filed this lawsuit on January 20, 2010.  In the "Jurisdiction" section of the Original Complaint, Plaintiff states that she is suing "for employment

discrimination and retaliation." In the "Facts and Causes of Action" section, however, Plaintiff alleges that she was sexually harassed and that her discharge was in retaliation for "rebuffing the sexual advances" of her supervisors. There is no allegation or claim in the Complaint that Plaintiff was retaliated against for reporting the sexual harassment to management, or that she was disciplined more severely than male employees for her attendance problems.[3] After an adequate time to complete discovery, Defendant filed its Motion for Summary Judgment. The Motion has been fully briefed and is now ripe for decision.

## II.    **SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v.*

---

[3]    In her Response [Doc. # 39], Plaintiff asks the Court to rule on her causes of action for "Fraud, Conspiracy to fraud [*sic*], and Negligence Misrepresentation, Breach of good faith and fair dealing . . .." Response, p. 1. In pages 2-6 of the Response, Plaintiff complains that Defendant's method of selecting supervisors was racially discriminatory. None of these claims is asserted in the Complaint. Instead, the only cause of action asserted in the Complaint is sexual harassment which, when Plaintiff allegedly rejected the advances of the harassers, resulted in the termination of her employment.

*ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'"  *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  "An issue is material if its resolution could affect the outcome of the action.  A dispute as to a material fact is genuine if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would

prove the necessary facts.  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe.  *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413).  The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413).

## III.   **ANALYSIS**

It appears from Plaintiff's Complaint, although it is unclear, that she is asserting a claim of "quid pro quo" sexual harassment rather than a claim of "hostile environment" sexual harassment.  To determine which claim is appropriate (as opposed to which claim is actually asserted), the Court first decides whether the plaintiff has suffered a "tangible employment action."  *See Casiano v. AT&T Corp.*, 213 F.3d 278, 283 (5th Cir. 2000).   In this case, Plaintiff suffered a tangible employment action when she was discharged.  Consequently, the claim is treated as a "quid pro quo" harassment claim and the Court must next decide whether the plaintiff has presented evidence that raises a genuine issue of material fact regarding

whether the alleged harassment occurred and whether the employment action "resulted from" the plaintiff's rejection of the alleged sexual harassment.  *Id.*

Regarding the existence of the alleged harassment, Defendant has presented the deposition testimony of Bundra McGaffie, Plaintiff's prior co-worker at Interline. McGaffie testified that neither Frank Rodriguez (who "barely spoke English") nor Mike McGrath ever propositioned Plaintiff, touched her, or did anything else that could be considered inappropriate.  *See* McGaffie Deposition, Exh. 10 to Defendant's Motion, pp. 7, 12-16.  McGaffie testified further that Plaintiff telephoned him in March 2008 and offered to pay him money if he would give a false statement supporting her allegations of sexual harassment.  *See id.* at 23-24.  McGaffie declined. Plaintiff subsequently produced a written statement with the name "Bundre T. McGaffie" at the top.  McGaffie testified in his deposition that he did not write the statement and noted that his name at the top of the document is misspelled.  *See id.* at 18-19.  Plaintiff has alleged, but has presented no affidavit or other evidence, of any sexual harassment by McGrath or Rodriguez.  Indeed, Plaintiff provides no factual details of any particular alleged incident, such as the specific conduct, date, location, or which individual was involved.

Moreover, Plaintiff has not presented evidence that the termination of her employment resulted from any rejection of McGrath's or Rodriguez's alleged sexual

advances.  Indeed, the uncontroverted evidence is to the contrary.  It is undisputed that Interline had a written attendance policy.  It is undisputed that Plaintiff was routinely late to work and on occasion failed to report for work at all.  It is undisputed that Plaintiff was given two written Disciplinary Reports, after which she was late or absent on eight work days between March 28 and April 14, 2008.  Plaintiff's undisputed attendance issues required her termination pursuant to the company's written attendance policy.  It is uncontroverted that the decision to terminate Plaintiff's employment in accordance with the Interline attendance policy was made by the Operations Manager, David Segura, not by either McGrath or Rodriguez.

Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of her sexual harassment claim.  Defendant is entitled to summary judgment.

## IV.   **CONCLUSION AND ORDER**

Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of her claims.  Consequently, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 32] is **GRANTED**.  It is further

**ORDERED** that Defendant's Motion to Strike [Doc. # 31] and Plaintiff's Motion to Strike [Doc. # 38] are **DENIED**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this 27th day of **June, 2011**.

Nancy F. Atlas
United States District Judge